## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GARY M. KRAMER, | ) | Case No. 21-11699 TBM |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GARY M. KRAMER, | ) | Adversary Proceeding No. |
| Chapter 11 Debtor-in-Possession, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NANCY KRAMER, | ) | |
| | ) | |
| Defendant. | ) | |

### VERIFIED COMPLAINT FOR DECLARATIVE RELIEF

GARY M. KRAMER ("Debtor," "Plaintiff," or "Mr. Kramer"), by and through undersigned counsel, for his Verified Complaint for Declarative and Injunctive Relief (this "Complaint") against Nancy Kramer ("Defendant" or "Ms. Kramer"), states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

1

4. This adversary proceeding is commenced pursuant to Rule 7001(1) and (7) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## INTRODUCTION

6. This Complaint seeks relief for Defendant's willful and knowing violation of the automatic stay. The actions of Defendant demonstrate a calculated effort to exercise control over assets of the bankruptcy estate in violation of the automatic stay.

## GENERAL ALLEGATIONS

7. Defendant filed her divorce petition in the Colorado State District Court for El Paso County (the "State Court") on May 12, 2020. The divorce action remains pending as case number 20DR30816 in the State Court (the "Divorce Action").

8. Defendant's petition in the Divorce Action included the required statement that she had received a copy of and understood the automatic temporary injunction of C.R.S. § 14-10-107(4)(b).

9. Under C.R.S. § 14-10-107(4)(b), both parties to the Divorce Action are prohibited from transferring, encumbering, concealing, or in any way disposing of, without the consent of the other party, or an order of the court, any marital property, except in the usual course of business or for the necessities of life.

10. Mr. Kramer and the Defendant participated in a settlement conference on August 17, 2020. In connection with the settlement conference, Mr. Kramer and the Defendant agreed to

the following stipulated language:

> Petitioner [Ms. Kramer/Defendant] is about to move into a rental home. Respondent [Mr. Kramer/Debtor/Plaintiff] shall be responsible for paying her rent for the first year of that residency, using funds from the marital estate (via Merrill Lynch account.)
>
> Petitioner shall be responsible for her utilities, gas, groceries, personal expenses, and the boarding and care of her horses.
>
> Respondent shall pay all bills associated with the marital home: 3051 Blackwood Place, to include the mortgage and utilities. He shall continue to pay for insurance, cell phones, debt payments, and all child-related expenses.
>
> Respondent shall pay monthly support to Petitioner in the amount of $3,000/month. This includes spousal maintenance and child support and is based on concessions from both parties. Payment will be made directly to Petitioner.
>
> The parties recognize and agree that Respondent's monthly income from his business varies month to month. If Respondent does not have the available funds to pay the monthly support amount, Respondent may withdraw funds from the Merrill Lynch account to make the support payments. Respondent will provide an accounting of any withdrawals from the Merrill Lynch account made for the purposes of making support payments. This is consistent with the historical actions of the parties, who have relied upon the Merrill Lynch account to supplement expenses as needed. The Parties agree that these withdrawals will be accounted at the time of final orders, and the distribution of the estate allocated accordingly.

11. The State Court approved the parties' stipulation by order dated August 20, 2020 (the "Stipulated Temporary Order"). The Stipulated Temporary Order remains in effect. A true and accurate copy of the Stipulated Temporary Order is attached hereto as **Exhibit 1**.

12. The State Court scheduled a permanent orders hearing in the Divorce Action for April 1, 2021.

13. On February 1, 2021, William G. Drexler of The Drexler Law Group, LLC, took over representation of Defendant in the Divorce Action.

14. On March 24, 2021, Mr. Kramer moved for a continuance of the final orders hearing. Defendant opposed the motion to continue the hearing.

15. Mr. Kramer, Defendant, and their respective attorneys attended a hearing before the State Court on April 1, 2021. During that hearing, the State Court specifically addressed Mr. Kramer's imminent bankruptcy filing and instructed Mr. Kramer to promptly seek relief from the automatic stay after his bankruptcy filing in order to allow the Divorce Action to continue.

16. During the hearing of April 1, 2021, the State Court explained that the provisions of the Stipulated Temporary Order would remain in effect after Mr. Kramer's bankruptcy filing. A true and accurate copy of a transcript of the April 1, 2021 hearing is attached hereto as **Exhibit 2**.

17. Mr. Kramer filed his petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 6, 2021 (the "Petition Date").

18. On April 16, 2021, Defendant's attorney, Mr. Drexler, participated in a conference call with undersigned counsel, together with Mr. Kramer's divorce attorney, Melissa C. Guggisberg. During that meeting, undersigned counsel explained the procedures and anticipated timelines in this bankruptcy case.

19. Undersigned counsel explained the prerequisite that the Debtor seek and obtain permission from this Court to employ Ms. Guggisberg.

20. Undersigned counsel also explained the Debtor's desire to work with Defendant to draft and file a joint motion for entry of a stipulated order granting the parties relief from stay to continue with the Divorce Action.

21. Mr. Kramer filed his application to employ Ms. Guggisberg on April 20, 2021

which was granted by the Court on May 5, 2021 (docket no. 34).

22. On April 28, 2021, Defendant—without Mr. Kramer's knowledge or consent, directed a transfer (the "Transfer") of all funds in the parties' joint investment account with Fidelity (x6746) (the "Joint Account").

23. Defendant transferred the funds in the Joint Account to a new account at Fidelity (x4530) controlled solely by Defendant (the "Separate Account").

24. As of the end of March, the Joint Account contained $19,245.84. Mr. Kramer does not know the precise amount that was in the Joint Account on the date of the Transfer.

25. On April 30, 2021, Mr. Kramer's bankruptcy counsel sent a letter to Defendant's attorney, Mr. Drexler.

26. The letter, attached hereto as **Exhibit 3**, asserts that the Transfer was a violation of the automatic stay. Among other things, undersigned counsel specifically advised Defendant that moving money out of a joint account violates the prohibitions of 11 U.S.C. §§ 362(a)(3) and (6).

27. Through the letter, Mr. Kramer requested that a response be provided within three business days and warned that failure to comply could result in the filing of this adversary proceeding.

28. On May 5, 2021, Mr. Drexler replied via email, attached hereto as **Exhibit 4**, and informed undersigned counsel that a substantive response would be provided within "a few days."

29. On May 11, 2021, undersigned counsel sent Mr. Drexler a proposed draft of a joint motion and stipulated order to help the parties obtain relief from stay to continue with the Divorce Action.

30. In the May 11, 2021 email, undersigned counsel once again requested confirmation

5

that the Transfer would be unwound.  *See* **Exhibit 5**, attached.

33. On May 12, 2021, new counsel representing Defendant in the bankruptcy matter, Stephen E. Berken, filed a motion for relief from stay with this Court (docket no. 40).

32. Neither Mr. Drexler nor Mr. Berken conferred with undersigned counsel regarding the substance of Defendant's motion for relief from stay.

33. While Defendant's motion for relief from stay differs substantially from the proposed joint motion and stipulated order circulated by undersigned counsel, in it, Defendant requests identical relief—relief from the stay to permit the continuation of the Divorce Action. *See* **Exhibit 6**, attached.

34. On May 19, 2021, Mr. Drexler responded to undersigned counsel's May 11 email as follows:

> Mr. Warner, my client will return half of what she transferred from the Fidelity account.  She expects that should be completed by tomorrow. Her part (directing Fidelity to do that) will be completed by today.
>
> As you know, my client has hired bankruptcy counsel to help her navigate the bankruptcy case.  At this point, she expects to address the bankruptcy stay issues there rather than by stipulation with Gary.

*See* **Exhibit 7**, attached.

35. On May 20, 2021, $10,089.04 was transferred from the Separate Account to the Joint Account.

36. Defendant is now represented by experienced local bankruptcy counsel.

37. Despite being aware of the pendency of Mr. Kramer's pending chapter 11 bankruptcy case and having consulted with experienced bankruptcy counsel, Defendant remains in violation of the automatic stay.

6

## FIRST CLAIM FOR RELIEF
### (Judgment for Damages Against Defendant for Willful and Knowing Violation of the Automatic Stay Under 11 U.S.C. § 362)

38. Property of the estate is defined in 11 U.S.C. § 541(a). Such property includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

39. Such property also includes "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is (A) under the sole, equal, or joint management and control of the debtor […]." 11 U.S.C. § 541(a)(2)(A).

40. The funds in the Joint Account became property of the estate on the Petition Date.

41. The automatic stay protects against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

42. Defendant obtained possession of property of the estate and exercised control over property of the estate when she engaged in the behavior described above as the Transfer.

43. Such actions deprived the Debtor of his "breathing space" and the protections of the automatic stay.

44. The actions of the Defendants were knowing and intentional.

45. The estate was damaged by such violations including being forced to divert resources from other urgent matters in this case to deal with this stay violation.

46. Pursuant to 11 U.S.C. § 362, the Debtor is entitled to recover from Defendant the estate's actual damages caused by the Defendant's violation of the stay.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief Against Defendant)

47. Mr. Kramer realleges the allegations set forth in paragraphs 1 through 45 as though

fully set forth herein.

48. This is a claim for declaratory relief under 28 U.S.C. §§ 2201 *et seq*.

49. The Debtor seeks a declaration that Defendant's actions are subject to the automatic stay under Section 362(a)(3) of the Bankruptcy Code and that the Transfer should be unwound.

50. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1).

51. Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.A. § 362(a)(3).

52. The actions taken by the Defendant violated the automatic stay because the Defendant obtained possession of, and exercised control over, property of the estate.

53. Defendant did not obtain relief from the automatic stay prior to making the Transfer.

54. Absent an order from this Court, Defendant may refuse to unwind the Transfer and should return all of the funds at issue to the Joint Account.

55. Accordingly, the Debtor is entitled to declaratory relief requiring the Defendant to return the funds at issue to the Joint Account.

WHEREFORE, the Debtor prays that the Court enter judgment in favor of the Debtor and against the Defendant:

    a. Awarding the Debtor actual damages in an amount to be determined at trial for Defendant's violations of the automatic stay;

    b. Ordering the Defendant to unwind the Transfer by returning the funds at

8

issue to the Joint Account.

      c.      Awarding the Debtor his reasonable and necessary attorney fees, costs, and expenses to the extent permitted by law; and

      d.      Granting such other and further relief in favor of the Debtor as the Court deems appropriate.

Dated this 26th day of May, 2021.

      Respectfully submitted,

      WADSWORTH GARBER WARNER CONRARDY, P.C.

      */s/ David J. Warner*
      David J. Warner, #38708
      2580 West Main Street, Suite 200
      Littleton, Colorado 80120
      303-296-1999 / 303-296-7600 FAX
      dwarner@wgwc-law.com
      Attorneys for the Plaintiff/Chapter 11 Debtor-in-Possession

## VERIFICATION

I, Gary Kramer, being of lawful age, have read the foregoing Verified Complaint for Declaratory Relief and the allegations and facts contained therein are true and correct to the best of my knowledge, information and belief.

_____      Dated: 05/25/2021
Gary Kramer